**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS ALTIERI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO.  15-1818** |
| **LIBERTY MUTUAL FIRE** | : | |
| **INSURANCE COMPANY** | : | |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                  **April 23, 2015**

After the defendant Liberty Mutual Fire Insurance Company ("Liberty") removed this action from the state court a second time, the plaintiff has moved to remand.  He contends that the second notice of removal is untimely.  Because the notice of removal is untimely, we shall remand this action to the state court.

On March 26, 2015, pursuant to 28 U.S.C. § 1441, Liberty removed this action to recover underinsured motorist benefits from the state court, contending that the federal court had subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.  *See* First Not. of Removal (Doc. No. 1, Civ. A. No. 15-1535).  In the first removal notice, Liberty failed to allege that the amount in controversy exceeded the $75,000 jurisdictional threshold.  Instead, it merely speculated that the amount in controversy "*may be* in excess of $75,000.00."  First Not. of Removal, ¶ 4 (emphasis added).  Thus, we remanded the action for lack of subject matter jurisdiction.  *See* April 1, 2015 Remand Order (Doc. No. 4, Civ. A. No. 15-1535).

On April 8, 2015, forty-two days after service of the plaintiff's complaint, Liberty again removed the same state court action.  It filed its second removal notice as a new

federal action and designated it as related to the first action that had been remanded.  *See* Second Not. of Removal (Doc. No. 1, Civ. A. No. 15-1818).  Liberty explains that when it removed the action the first time, its counsel stated that the amount in controversy "may be" in excess of $75,000 because "he did not want to be deemed to have admitted that the plaintiff was entitled to a minimum recovery of $75,000."  *Id.* ¶ 12.  The second removal notice states that "[b]ased on the allegations in the plaintiff's complaint, the amount in controversy is in excess of $75,000.00."  *Id.* ¶ 16.  It also notes that its first removal notice was timely filed.  *Id.* ¶ 8.

## Analysis

28 U.S.C. § 1446(b) provides, in relevant part, that a notice of removal

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

*Id.* § 1446(b)(1).

Although it does not bar timely successive removals, § 1446(b) "expressly forbid[s] untimely removals."  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014).  In other words, a defendant may remove an action from the state court a second time as long as it does so within the thirty-day time limit.

Liberty was served with the complaint on February 25, 2015.  It had until March 27, 2015, thirty days after service of the complaint, to remove the action.   28 U.S.C. § 1446(b)(1).  The second notice of removal was filed on April 8, 2015, forty-two days after service of the complaint.  Therefore, it was untimely.

Liberty cannot rely on the exception to the thirty-day time limit in § 1446(b)(3).  That

section provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3).

Section 1446(b)(3) does not excuse Liberty's strategic choice to make an ambiguous statement as to the amount in controversy. Nothing changed between the time of the first removal and the time of the second removal. There were no additional or amended pleadings filed that affected the jurisdictional allegations. As confirmed by its second notice of removal, Liberty was able to ascertain the amount in controversy based on the initial pleading.

The initial pleading, the plaintiff's complaint, alleged the elements of diversity jurisdiction, including the amount in controversy. Indeed, Liberty concedes that it did. Its second removal notice asserts that "[b]ased on the allegations in the plaintiff's complaint, the amount in controversy is in excess of $75,000.00." Second Not. of Removal ¶ 16. Thus, there was no new thirty-day time limit. *A.S.*, 769 F.3d at 210.

If Liberty intended its second notice of removal as an amendment or correction of its first notice of removal, it would still be late. There is no relation-back mechanism available in the removal context. Rule 15(c) applies only to amended pleadings. Fed. R. Civ. P. 15(c). A notice of removal is not a pleading that may be amended. Fed. R. Civ. P. 7(a); *A.S.*, 769 F.3d at 213. Because the second notice of removal is not an amended pleading, it did not restart the thirty-day removal period. Therefore, the second notice of

removal was untimely.

After remanding an action that was improperly removed, the district court has "broad discretion" in determining whether to award costs, expenses, and attorneys' fees. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996); *see also* 28 U.S.C. § 1447(c) ("[A]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.").  Attorney's fees are permitted where the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, Liberty had no "objectively reasonable basis" to file its second notice of removal.  Nevertheless, because the plaintiff did not request sanctions, we decline to enter such an award at this time.

Because the second notice of removal is untimely, we shall grant the motion to remand this action to the state court.